**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
JUL 7 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**RLI INSURANCE CO.,**

**Plaintiff,**

**v.** **Civ. Action No. 04-0427 (RJL)**

**POHL, INC., OF AMERICA et al.,**

**Defendants.**

**MEMORANDUM OPINION**
(July 6, 2006) [# 8, 11, 19 ]

Plaintiff, RLI Insurance Company ("RLI"), brought this action against Defendants, Pohl, Inc. of America ("Pohl" or "Pohl of America"), an American subsidiary of Christian Pohl GmbH, Christian Pohl GmbH, a German corporation,[1] and Fidelity & Guaranty Insurance Company ("F&G"), on March 15, 2004, alleging breach of contract, negligence, and multiple statutory claims arising from a construction project in the District of Columbia. (*See, e.g.,* Compl. ¶¶ 26, 32, 40.) In particular, plaintiff seeks recovery for allegedly defective zinc panels sold by Pohl to Architectural Facades, Inc. ("AFI"), a now defunct company and plaintiff's predecessor in interest. (*See* Compl. ¶¶ 27-28.) Currently before the

[1] A copy of the summons and complaint was mailed to Christian Pohl GmbH on April 13, 2004. On May 21, 2004, Christian Pohl moved to quash service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) on the ground that service was not made in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Convention"). Plaintiff consented to quashing service, and on June 10, 2004, this Court granted the Motion to Quash Service of Process pursuant to Rule 12(b)(5) for insufficiency of process. Plaintiff did not subsequently properly serve Christian Pohl GmbH. As such, Christian Pohl GmbH is technically not a party to the present action at this point in time. However, for the purposes of this Opinion, the Court will treat Christian Pohl GmbH as if it had been properly served, and hereby orders, as detailed below, plaintiff to properly effect service of process on Christian Pohl GmbH within thirty days of the date of the accompanying Order.



Court are Defendants Pohl's and F&G's Motions to Dismiss Counts Two and Four of plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant Christian Pohl GmbH's Motion to Dismiss Counts One, Two, Four, Five, and Six of the complaint pursuant to Rule 12(b)(6).

Upon consideration of the pleadings and the entire record herein, the Court GRANTS defendants' Motions to Dismiss as to Counts Two and Four and DENIES defendant Christian Pohl GmbH's Motion to Dismiss as to Counts One, Five, and Six.

## BACKGROUND

In June 2001, RLI and AFI as corporate indemnitor, entered into an Agreement of Indemnity ("Agreement"), pursuant to which, upon the default of AFI, RLI would be fully subrogated at law and equity to "all claims, causes of action and choses in action of AFI as to any bonded project which is governed by the Agreement of Indemnity."[2] (Compl. ¶¶ 7-8.) In alleged reliance on the Agreement, and for additional consideration, RLI issued a Performance Bond, No. SSB332721, for a project for the Henry J. Kaiser Family Foundation ("Kaiser Foundation") with AFI as the subcontractor and principal and The Clark Construction Group ("Clark") as the general contractor and obligee. (Compl. ¶ 9.)

In accordance with the subcontract between AFI and Clark, AFI was to install zinc panels on the façade of the Kaiser Foundation building. (Compl. ¶ 10). AFI contracted with

---

[2] For its part, according to the complaint, "AFI agreed to exonerate, indemnify, and hold harmless RLI against any and all liability for losses and/or expenses resulting from (a) the execution or procurement of the execution of the bonds for AFI as principal; (b) the failure of the defendants to conform or comply with the covenants and conditions of the Agreement of Indemnity; or (c) the enforcement of any covenants and/or conditions of the Agreement of Indemnity." (Compl. ¶ 7.)

Pohl to produce the zinc panels, and the actual fabrication work was performed by Christian Pohl GmbH. (Compl. ¶ 11.) As surety for Pohl, F&G issued a labor and material bond, numbered SF 7778, in which F&G "guaranteed the faithful and complete obligation of Pohl that it would manufacture and supply the specified panels as required by the contract documents, and that said panels would be in conformity with the contract requirements and would be suitable for their intended use." (Compl. ¶ 12.) This surety is the basis F&G's alleged liability to plaintiff. (*See* Compl. ¶ 12.)

In November 2002, the Kaiser Foundation and Clark reported creasing and crimping in various panels that had been installed and demanded that they be replaced (Compl. ¶ 14), and AFI placed Pohl and F&G on notice of these claims prior to its default in June 2003 (Compl. ¶¶ 13-14). Subsequent to AFI's default, RLI was called to complete performance. (Compl. ¶ 14.) Pohl and Christian Pohl GmbH advised RLI that it could not simply replace the damaged panels, as panels from a new production "run" would have a slightly different appearance. (Compl. ¶ 16.) Pohl and Christian Pohl GmbH further refused to replace the rejected panels, only agreeing to do so if a new set of panels was ordered and paid for in full. (Compl. ¶ 17.) When Pohl did not cure the allegedly imperfect tender, Clark settled with the Kaiser Foundation and agreed to replace the panels on its own and order replacements directly from Pohl at full price. (Compl. ¶ 18.)

RLI filed its complaint against defendants on March 15, 2004, alleging six causes of action: (1) breach of contract for failing to properly perform and discharge contractual duties

by supplying defective panels (Compl. ¶¶ 26-27); (2) a claim in tort for the negligent and careless fabrication of the panels (Compl. ¶ 32); (3) breach of express and/or implied warranty (Compl. ¶ 36); (4) failure to cure imperfect tender as required by the Uniform Commercial Code ("UCC") and the Magnuson-Moss Consumer Product Warranties Act, 15 U.S.C. § 2301 *et seq*. (2000), (Compl. ¶¶ 39-40); (5) refusal to cure after receiving timely notice of rejection of the tender, as required by UCC §§ 2-601 – 2-603, (Compl. ¶¶ 49, 52); and (6) in the alternative, that AFI, Clark, and Kaiser properly and timely revoked their acceptance of the defective panels pursuant to UCC §§ 2-607 – 2-608 and Pohl and Christian Pohl failed to cure the imperfect tender.

## DISCUSSION

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a district court shall dismiss a complaint for failure to state a claim upon which relief can be granted when it is clear that no relief could result under any facts consistent with the allegations in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.2d 621, 624 (D.C. Cir. 1997). The complaint must be construed liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), and the Court will assume the truth of all factual allegations set forth in the plaintiff's complaint, *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985). Importantly, the ruling on a motion under Rule 12(b)(6) does not test the plaintiff's likelihood of success on the merits;

rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court is not obligated, however, to draw factual inferences that are not supported by the facts alleged. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II. Count Two: Negligence

Plaintiff alleges in Count Two of its complaint that "Defendants Pohl and Christian Pohl GmbH,[3] owed a duty to AFI and to plaintiff to discharge and properly perform all of the terms, conditions, and obligations set forth and required under the contracts" (Compl. ¶ 30), and that

> defendants breached the duty of care imposed upon them by operation of law in that said defendants negligently and carelessly performed the fabrication of the panels and otherwise supplied materials which were of poor and unmerchantible quality, which are not of acceptable and customary standards and which are unfit for the purposes intended

(Compl. ¶ 32), thereby causing damage to plaintiff. The claim is essentially a tort claim of negligence, the essence of which is that defendants owed plaintiff a duty of care that the contract be successfully completed and that defendants breached that duty by negligently fabricating the zinc panels. As a result, plaintiff seeks damages to cover the costs to repair or replace the panels as well as other consequential damages. (Compl. ¶ 33.)

Plaintiff's tort claim must fail because the damages sought by plaintiff are not recoverable in tort. In *Potomac Plaza Terraces, Inc. v. QSC Products, Inc.*, Judge Harris of

[3] F&G, as guarantor of Pohl's obligation to complete the project, would be derivatively liable according to plaintiff's theory of the case.

this Court adopted the "economic loss" doctrine, which "bars a tort plaintiff from recovering the 'loss of value or use of the product itself, cost to repair or replace the product, or the lost profits resulting from the loss of use of the product.'" 868 F. Supp. 346, 354 (D.D.C. 1994) (quoting *A.J. Decoster Co. v. Westinghouse Elec. Corp.*, 634 A.2d 1330, 1332 (Md. 1994). In adopting this doctrine, Judge Harris noted that a majority of other jurisdictions similarly reject claims of economic loss based on negligence. *Id*; *see* 6 Stuart M. Speiser, et al., The American Law of Torts § 18:139 at 159-64 (1989) (citing cases from Alaska, Arizona, California, Colorado, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Minnesota, Missouri, Pennsylvania, Nevada, New Jersey, New Mexico, New York, South Carolina, and Texas). Importantly, Maryland also follows this majority rule.[4] *See A.J. Decoster Co. v. Westinghouse Elec. Corp.*, 634 A.2d 1330, 1332 (Md. 1994). This Court agrees with Judge Harris and, accordingly, finds that the District of Columbia "has not authorized tort recovery for purely economic losses in a contract setting." *Furash & Co. v. McClave,* 130 F. Supp. 2d 48, 56 (D.D.C. 2001).[5]

---

4 As the common law of Maryland is the source of the District of Columbia's common law, it is an especially persuasive authority when the District's common law is silent. *Saylab v. Don Juan Restaurant, Inc.*, 332 F. Supp. 2d 134, 142-43 (D.D.C. 2004); *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C. 1983); *see also* D.C. Code § 45-401 (2001).

5 In its Memorandum of Law in Opposition to Defendants Pohl and F&G's Motions to Dismiss, plaintiff cites *Williams Enters., Inc. v. Strait Mfg. & Welding, Inc.*, 728 F. Supp. 12 (D.D.C. 1990) in support of its negligence claim. (Pl.'s Mem. of Law in Opp'n to Defs. Pohl & F&G's Mots. to Dismiss 6.) In that case, the Court found a subcontractor liable to a contractor for causing a steel structure to collapse as a result of negligence. The Court ordered defendant to pay damages for things that amounted to "economic loss," such as the replacement of anchor bolts in the structure. Importantly, however, this case was decided prior to *Potomac Plaza Terraces, Inc.*, when it was unclear if the District of Columbia had adopted the "economic loss" rule. *See Bowler v. Stewart-Warner Corp.*, 563 A.2d 344, 355 (D.C. 1989) (Ferren, J., concurring) (noting that District of Columbia courts "have not decided whether economic loss is recoverable under strict tort liability[.]") The Court in *Potomac Plaza Terraces, Inc.*

In the instant case, plaintiff alleges that it suffered damages "in its efforts to repair, cure, remedy and replace the panels . . . ." (Compl. ¶ 33.) These damages are purely economic losses as defined by law. *See Potomac Plaza Terraces, Inc.*, 868 F. Supp at 354 (quoting *A.J. Decoster Co.*, 634 A.2d at 1332). Because the District of Columbia does not allow the recovery of purely economic losses in a contract setting under a theory of negligence, Court Two of plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted as to all defendants.[6]

## III. Count Four: Violation of UCC & Magnuson-Moss Consumer Product Warranties Act

Plaintiff alleges in Count Four that Pohl and Christian Pohl GmbH "have failed and refused to remove, repair, replace or otherwise correct certain defective work [and] the defendants' acts and failures to act are in violation of the sales and tender provisions of the

---

resolved this question, and this Court holds that the decision in *Potomac Plaza Terraces, Inc.* controls on this issue.

6 Even if the Court could not dismiss Count II under the "economic loss" doctrine, Count Two would also be dismissed as to Defendants Pohl of America and F&G because they did not owe an independent legal duty of care to plaintiff that is actionable in tort. According to District of Columbia law, for a plaintiff to prevail on a claim of negligence, three elements must be satisfied. There must be "a duty of care owed by defendant to the plaintiff, a breach of that duty by the defendant, and damages to the interests of the plaintiff, proximately caused by the breach." *Taylor v. District of Columbia*, 776 A.2d 1208, 1214 (D.C. 2001) (quoting *Turner v. District of Columbia*, 532 A.2d 662, 666 (D.C. 1987)). Judge Corcoran of this Court has recognized that "the omission to perform a contractual obligation does not ordinarily create a cause of action in tort as between the contracting parties." *Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 570 (D.D.C. 1983) (citing *Wolfe v. Continental Casualty Co.*, 647 F.2d 705, 710 (6th Cir. 1981) (applying Ohio law). Rather, the appropriate avenue for relief is an action for breach of contract. *Id.* Accordingly, "the mere negligent breach of a contract, *absent a duty or obligation imposed by law independent of that arising out of the contract itself*, is not enough to sustain an action sounding in tort." *Id.* (emphasis in original); *accord Heckrotte v. Riddle*, 168 A.2d 879, 882 (Md. 1961); *see Matyas v. Suburban Trust Co.*, 263 A.2d 16, 19 (Md. 1970).

Uniform Commercial Code ("UCC") and the Magnuson-Moss Consumer Product Warranties Act."[7] (Compl. ¶¶ 39-40.) Specifically, with regard to the portion of Count Four relating to the UCC, plaintiff alleges that despite being given the opportunity to cure, "defendants failed and refused to cure the imperfect tender." (Compl. ¶ 41.) As explained herein, to the extent that Count Four alleges a violation of the UCC,[8] it must be dismissed as redundant of other Counts in the Complaint. Plaintiff has voluntarily withdrawn that portion of Count Four which pleads a claim under the Magnuson-Moss Consumer Product Warranties Act (Pl.'s Mem. of Law in Opp'n to Defs. Pohl, Inc. of Am. and Fidelity & Guaranty Ins. Co.'s Mots. Dismiss 9), and, therefore, the Count Four claims pursuant to the Magnuson-Moss Act are hereby dismissed.

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading any . . . redundant . . . matter." Fed. R. Civ. P. 12(f); *see Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 24 (D.D.C. 2005). Although a motion to strike is generally disfavored because it is an extreme remedy, a court has "liberal discretion" to strike such filings as it deems appropriate. *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003); *see Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000).

As noted above, Count Four charges defendants with violating the UCC for failure to cure imperfect tender because they refused to replace the allegedly defective zinc panels.

---

7 15 U.S.C. § 2301 *et seq.* (2000).

8 Although plaintiff, in its complaint, refers to the model Uniform Commercial Code, this Court assumes, as did defendant Christian Pohl GmbH in its motion to dismiss, that plaintiff is referring to the sections of the D.C. Code that correspond to the model UCC.

(Compl. ¶¶ 39-40.) This is precisely the charge echoed in Counts Five and Six of the Complaint. Count Five alleges that plaintiffs timely rejected the defective panels pursuant to UCC §§ 2-601 – 2-603 and that despite being given reasonable time to cure, defendants failed to do so, thus causing damages to plaintiff (Compl. ¶¶ 44-47). Count Six alleges that in the alternative, plaintiff timely revoked acceptance of the allegedly defective panels pursuant to UCC §§ 2-607 – 2-608, and that defendants failed to cure the allegedly imperfect tender, thus causing damage to plaintiff (Compl. ¶¶ 49, 51-53). Count Four cites no separate UCC section that defendants allegedly violated, instead it generally echos the allegations contained in Counts Five and Six.[9] As such, this portion of Count Four is stricken pursuant to Rule 12(f) as to all defendants.

## IV. Counts One, Five, and Six: Breach of Contract and Failure to Cure Imperfect Tender

In addition to moving to dismiss Counts Two and Four of the Complaint, Defendant Christian Pohl GmbH further moves to dismiss Counts One, Five, and Six. In support of its

[9] In its Memorandum of Law in Opposition to Defendants Pohl and F&G's Motions to Dismiss, plaintiff raises the argument that Count Four "pleads a bad fath [*sic*] breach of both the U.C.C. and other warranties, and the contract by Pohl and Christian Pohl GmbH," in violation of D.C. Code § 28:1-203 (2001), and that Count Four of the Complaint should be deemed amended accordingly. (Pl.'s Mem. of Law in Opp'n to Defs. Pohl & F&G's Mots. Dismiss 9.) However, plaintiff's effort to amend the complaint is precluded by Federal Rule of Civil Procedure 15(a), which provides that after twenty days from the date of service, a pleading may only be amended by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Plaintiff served the Complaints on defendants Pohl of America on April 5, 2004, and F&G on April 19, 2004 (*see supra* note 1, discussing lack of proper service on Defendant Christian Pohl GmbH), and plaintiff did not seek to amend its Complaint within twenty days of service. As plaintiff has not obtained leave of this Court to amend its Complaint, nor has it received the consent of the adverse parties, plaintiff may not amend Count Four of its Complaint in its Opposition to defendants' Motions to Dismiss.

motion to dismiss these three further claims, Christian Pohl GmbH advances substantially the same argument, namely, that plaintiff has no cause of action against it because Christian Pohl GmbH was not a party to any contract with plaintiff or plaintiff's predecessor in interest. (Def. Christian Pohl GmbH's Mem. of Law in Support of Mot. to Dismiss 3, 8-9.)

Despite Christian Pohl GmbH's denial of any contract between plaintiff and itself, there is a genuine issue of material fact as to the existence of such a contract. Plaintiff alleges in its Complaint that "Christian Pohl GmbH failed to properly perform and discharge [its] duties and obligations owing and arising under its agreements with the plaintiffs" by providing defective zinc panels and "thus committed material and substantial breaches of the contracts with plaintiffs." (Compl. ¶¶ 26-27.) As this Court must assume the truth of all factual allegations set forth in the plaintiff's complaint when evaluating a Motion to Dismiss, *Doe v. United States Dep't of Justice*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and plaintiff alleges that a contract existed between Christian Pohl GmbH and plaintiff and that this contract was breached by Christian Pohl GmbH, plaintiff has properly stated a claim upon which relief can be granted. Accordingly, Christian Pohl GmbH's Motion to Dismiss as to Counts One, Five, and Six of the Complaint is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants Pohl, Inc. of America and Fidelity & Guaranty Insurance Company's Motion to Dismiss and GRANTS IN PART and DENIES IN PART defendant Christian Pohl GmbH's Motion to Dismiss. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge